UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| vs. | § | Criminal No.  24-cr-371-S-44 |
| | § | |
| **CHELSEA BATTLE** | § | |
| Defendant | § | |

## SENTENCE DATA SHEET

**DEFENDANT:**          Chelsea Battle

**CRIMINAL NO:**        24-cr-371-S-44

**DEFENDANT'S
IMMIGRATION
STATUS:**               USC

**GUILTY PLEA:**        Count 36 of the Superseding Indictment
                        Count 36:  Conspiracy to Commit Wire Fraud

**SUBSTANCE
OF PLEA AGMT:**

    (a) If Defendant pleads guilty to Count 36 of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Superseding Indictment at the time of sentencing. The defendant agrees that with respect to any and all dismissed charges she is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law;

    (b) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently;

    (c)  The United States recommends that the Defendant receive a two-level downward adjustment for being a minor participant in the instant offense and

in return the Defendant also agrees not to request more than a two-level downward adjustment for being a minor participant;

(d) The United States will not oppose a sentence at the low end of the guideline range.

Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255, and Defendant does not waive her right to contest on direct appeal the district court's order denying Defendant's motion to dismiss (Docket No. 1104).

**COUNT 36**

**ELEMENTS:**  Conspiracy to Commit Wire Fraud Title 18, United States, Code, Sections 1349 and 1343

*First*: That two or more persons made an agreement to commit wire fraud;

*Second:* That the defendant knew the unlawful purpose of the agreement; and

*Third*: That the defendant joined in the agreement with the intent to further the unlawful purpose.

**PENALTY:**  Imprisonment not to exceed 20 years; and/or fine not to exceed $250,000.00

**ALT. FINE BASED ON GAIN OR LOSS 18 U.S.C. 3571(d):**  Not applicable.

**SENTENCING GUIDELINES:**  Advisory

**SUPERVISED RELEASE:**  Not to exceed three years. (18 U.S.C. § 3583).

**SPECIAL ASSMT:**  $100 per count of conviction